UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-11051 |
| | ) | |
| CLAIBORNE AUTOMOTIVE GROUP, LLC | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

**MOTION BY AFCO CREDIT CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO UNEARNED INSURANCE PREMIUMS**

AFCO Credit Corporation ("AFCO Direct"), by its undersigned counsel and pursuant to 11 U.S.C. § 362(d)(1) and (2), Fed. R. Bankr. P. 4001, and W.D. Louisiana L.B.R. 4001-1, respectfully moves the Court for relief from the automatic stay to exercise its rights pursuant to an insurance premium finance agreement and applicable law, including (i) the cancellation of policies of insurance financed by AFCO Direct and the collection of all return premiums and related amounts under such policies, and (ii) the application of such return premiums and other amounts returned to AFCO Direct to the obligations owed to AFCO Direct.

Undersigned counsel has conferred with the Chapter 7 Trustee regarding this Motion and the Trustee has represented that he has no opposition to the relief requested herein.

In support of this Motion, AFCO Direct states:

**JURISDICTION AND VENUE**

1.  This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

2.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

3.  This proceeding under 11 U.S.C. § 362 is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

## PARTIES

4. On September 8, 2025 (the "Petition Date") Claiborne Automotive Group, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.[1]

5. John W. Luster was appointed Chapter 7 Trustee (the "Trustee").

6. AFCO Direct is a secured creditor of the Debtor pursuant to the terms of a Commercial Premium Finance Agreement – Promissory Note, dated July 24, 2025 (the "Agreement") entered into by the Debtor and AFCO Direct and more particularly described in the following paragraphs. *See* Declaration of Diana Rieger ("Declaration") in support of the Motion attached hereto as **Exhibit A** and incorporated herein by this reference.

## THE AGREEMENT

7. On or about July 24, 2025, the Debtor entered into and executed the Agreement with AFCO Direct. Under the terms of the Agreement, AFCO Direct advanced $77,897.27 to enable the Debtor to purchase insurance coverage for its business operations (the "Insurance Coverage"). In consideration for AFCO Direct's advance of funds, the Debtor promised to repay the funds, plus interest in 11 monthly installments of $7,391.51. All installment payments under the Agreement are due on the 25th day of each month, commencing with the installment payment due on July 25, 2025. *See* Declaration, ¶ 9 and a true and correct copy of the Agreement attached as Exhibit 1 thereto.

8. AFCO Direct accepted the Agreement on or about July 28, 2025. *See* Declaration, ¶ 10 and a true and correct copy of the Notice of Acceptance attached as Exhibit 2 thereto.

---

[1] Unless otherwise dated, all statutory references herein are to the Bankruptcy Code, 11 U.S.C. § 101 et seq., as currently in effect.

9. The Debtor is in default under the terms of the Agreement because the October 25, 2025 installment is and remains past due. See Declaration, ¶ 11 and a true and correct copy of the Account Transaction History for the Agreement attached as <u>Exhibit 3</u> thereto.

## AFCO'S SECURITY, COLLATERAL VALUES AND CLAIMS

10. Repayment of AFCO Direct's loans under the Agreement is secured by a security interest in, and assignment of, all unearned premiums under the Insurance Coverage (the "Collateral"), coupled with a limited power of attorney to cancel the Insurance Coverage upon a default. See Agreement at 1-2, ¶¶ 2 & 4. See Declaration, ¶ 12.

11. No filing of a financing statement is required to perfect AFCO Direct's security interest in the Collateral. *See* Louisiana Revised Statutes Title 9, § 3550(I) ("No filing of the premium financing agreement shall be necessary to perfect the validity of such agreement as a secured transaction as against creditors, subsequent purchasers, pledges, encumbrances, successors, or assigns.").

12. As of October 25, 2025, the value of AFCO Direct's Collateral under the Agreement, which represented the aggregate unearned premium for the Insurance Coverage on a pro rata basis, was $54,750.03. *See Declaration*, ¶ 13. As of October 25, 2025, the amount owed to AFCO including principal, interest and fees is no less than $59,871.24 (exclusive of additional interest and attorneys' fees and costs). *See* Declaration, ¶ 14. The value of AFCO Direct's Collateral under the Agreement declines at the approximate rate of $224.65 per day because each day a portion of the Insurance Coverage is earned by the insurance carriers providing coverage. *See* Declaration, ¶ 15.

## REQUEST FOR RELIEF

13. Cause exists pursuant to §§ 362(d)(1) and (d)(2) to grant AFCO Direct relief from

the automatic stay.

14. Cause exists pursuant to § 362(d)(1) to grant AFCO Direct relief from the automatic stay because neither the Debtor or the Trustee has made or offered to provide sufficient adequate protection to AFCO Direct. Section 362(d)(1) authorizes the Court to grant relief from the stay "for cause, including the lack of adequate protection of an interest in property" of the movant. 11 U.S.C. § 362(d)(1). Where adequate protection is lacking "the court *shall* grant relief from the stay." 11 U.S.C. § 362(d) (emphasis added). Under § 362(g), the movant "bears the burden of establishing a prima facie case of cause, at which point the burden shifts to debtor to demonstrate adequate protection" and "nonpayment combined with lack of equity will result in sufficient cause". *In re Phoenix Pipe & Tube, L.P.,* 154 B.R. 197, 198 (Bankr. E.D. Pa. 1993).

15. Here, payments have not been made. No equity exists in the Collateral to protect AFCO Direct's interests in the Collateral, and the value of the Collateral continues to decline on a daily basis. Neither the Debtor nor the Trustee has made or offered to make adequate protection payments to AFCO Direct for the continued use of the Collateral (i.e., continued Insurance Coverage) under the Agreement, notwithstanding the benefits derived from the use of AFCO Direct's Collateral and related insurance coverage on an ongoing basis. The continued use causes material diminution in value of AFCO Direct's Collateral. An insurance premium finance lender is entitled to relief from the automatic stay in order to cancel the financing coverage or, in the alternative, adequate protection payments pursuant to § 363. *See In re JII Liquidating, Inc.*, 344 B.R. 874, 890 (Bankr. N.D. Ill. 2006) (terminating the automatic stay because the creditor "has not received any adequate protection for its security interest in the unearned premiums"); *In re U.S. Repeating Arms Co.*, 67 B.R. 990, 998 (Bankr. D.Conn. 1986)

(premium finance lender entitled to adequate protection of the value of its security interest); *In re Auto-Train Corp.*, 9 B.R. 159, 167 (Bankr. D.D.C. 1981) (premium insurance lender entitled to adequate protection from inception of bankruptcy proceedings to expiration of the insurance policies).

16. Relief from the automatic stay is likewise proper under § 362(d)(2). As discussed above, no equity exists in the Collateral. Additionally, the Insurance Coverage is not necessary for an effective reorganization. Relief from the automatic stay under § 362(d)(2) is proper when a secured creditor seeking relief demonstrates "(1) the amount of its claim; (2) that its claim is secured by a valid, perfected lien on property of the estate; and (3) that the debtor lacks equity in the property." *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 322 (Bankr. S.D.N.Y. 2001); *see also In re Continental Airlines*, 134 B.R. 536, 542 (Bankr. D.Del. 1991). The Debtor has the ultimate burden of establishing that property is necessary for an effective reorganization. 11 U.S.C. § 362(g).

17. Here, AFCO Direct is a perfected secured creditor and is owed more than the value of the Collateral, as explained above. Neither the Debtor nor the Trustee can satisfy the burden of proof that the Insurance Policies and the Collateral are necessary for reorganization. To meet this burden, there must be sufficient proof that "the property is essential for an effective reorganization that is in prospect." *In re Swedeland Devel. Group, Inc.*, 16 F.3d 552, 567 (3d Cir. 1994) (citing *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375 (1988)). Here, the Debtor chose to proceed under Chapter 7, the antithesis of reorganization. *See In re Prestwood*, 185 B.R. 358, 361 (M.D. Ala. 1995) (where Chapter 7 liquidation was sought, bankruptcy court correctly found property not necessary for reorganization); *In re Lyons*, 19 B.R. 66, 67 (Bankr. N.D. Ga. 1982) (Chapter 7 proceeding

coupled with a finding of no equity mandates relief from stay). There will be no plan or reorganization in this Chapter 7 case. Therefore, the property cannot be necessary for an effective reorganization. Accordingly, AFCO Direct seeks relief from the automatic stay to apply the return premium to the obligations owed to it by the Debtor.

18. AFCO Direct further requests that the Court waive the stay of any order entered that is imposed by Fed. R. Bankr. P. 4001(a)(3). AFCO Direct submits that cause exists to waive such stay given the nature of the Collateral and its daily diminution in value.

WHEREFORE, AFCO Credit Corporation respectfully requests entry of an order:

a. Modifying and lifting the automatic stay, pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2), to allow AFCO Direct to exercise its rights and remedies under the Agreement;

b. Permitting AFCO Direct to cancel the Insurance Coverage effective October 25, 2025, without further notice and permitting AFCO Direct to collect and apply the unearned premiums and related amounts under the Insurance Coverage to the outstanding indebtedness due and owing AFCO Direct, including principal, interest, late fees, attorneys' fees and costs as allowed by the Agreement and applicable law;

c. Directing any insurance companies, brokers or third parties in possession of the Collatral to turn over the Collateral to AFCO Direct;

d. Permitting AFCO Direct to pay any excess return premium, after payment of the outstanding indebtedness due and owing to AFCO Direct, including principal, interest, late fees, attorneys' fees, and costs as allowed by the Agreement and applicable law, to the Trustee;

e. Waiving the stay imposed by Fed. R. Bankr. P. 4001(a)(4); and

f. Granting such other and further relief as is just and proper in this case.

Dated: December 9, 2025				Respectfully submitted,

						*By: /s/ Mark J. Chaney, III*			
						RICHARD A. AGUILAR (#17439)
						MARK J. CHANEY, III (#35704)
						701 Poydras Street, 45th Floor
						New Orleans, Louisiana 70139
						Telephone: (504) 581-3242
						Fax: (504) 586-6550
						richard.aguilar@arlaw.com
						mark.chaney@arlaw.com

						*Counsel to AFCO Credit Corporation*

## CERTIFICATE OF SERVICE

       I certify that I filed this document using the court's CM/ECF system which generated a "Notice of Electronic Filing" indicating that it was transmitted to the filing party and all registered users of the CM/ECF system having appeared in the case in which the filing is made and upon the parties listed on the mailing matrix attached hereto by placing a copy of the same in the United States Mail, first class, postage prepaid and properly addressed, and by electronic mail and/or U.S. Mail at the parties listed below:

**Debtor:**
Claiborne Automotive Group, LLC
3117 W. 70th Street
Shreveport, LA 71108

**Debtor's Counsel:**
Thomas R. Willson
Rocky Willson
Attorney & Counselor at Law
1330 Jackson Street
Alexandria, LA 71301
rocky@rockywillsonlaw.com

**Trustee:**
John W. Luster
P.O. Box 488
Natchitoches, LA 71458-0488
luster_j@bellsouth.net

**U.S. Trustee**
Office of U. S. Trustee
300 Fannin St., Suite 3196
Shreveport, LA 71101

Date: December 10, 2025          Signature: */s/ Mark J. Chaney, III*