# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 25-11051 |
| | ) | |
| CLAIBORNE AUTOMOTIVE GROUP, LLC | ) | Chapter 7 |
| | ) | |
| Debtor | ) | |

**DECLARATION OF DIANA RIEGER IN SUPPORT OF
MOTION BY AFCO CREDIT CORPORATION FOR RELIEF FROM THE
AUTOMATIC STAY WITH RESPECT TO UNEARNED INSURANCE PREMIUMS**

I, DIANA RIEGER, solemnly swear, declare and affirm as follows:

1. I am over eighteen (18) years of age, under no mental or legal disability, and am competent to testify to the matters stated herein, having personal knowledge of those matters.

2. I am an authorized representative of AFCO Credit Corporation ("AFCO Direct"). I am Senior Vice President, Carrier Returns and Collections Manager and have acted in such capacity and in other roles with AFCO Direct and its lending affiliates.

3. In the course of my employment, I am personally involved with loans provided by and acquired by AFCO Direct and its lending affiliates. I have personal knowledge of, and am familiar with, the internal processes and procedures of AFCO Direct and its insurance premium finance lending affiliates, with respect to lending, servicing loans, and loan collections.

4. I am one of the custodians of the books, records and files of AFCO Direct that pertain to loans and extensions of credit given to the Debtor (as defined herein) concerning the matters set forth herein. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of AFCO Direct, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of AFCO Direct's business at or near

the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of AFCO Direct by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

5. I make this affidavit in support of the Motion of AFCO Credit Corporation for Relief from the Automatic Stay with Respect to Unearned Insurance Premiums (the "Motion").[1]

6. On September 8, 2025 (the "Petition Date"), Claiborne Automotive Group, LLC filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

7. John W. Luster was appointed Chapter 7 Trustee (the "Trustee").

8. AFCO Direct is a secured creditor of the Debtor pursuant to the terms of a Commercial Premium Finance Agreement – Promissory Note, dated July 24, 2025 (the "Agreement") entered into by the Debtor and AFCO Direct and more particularly described in the following paragraphs.

## THE AGREEMENT

9. On or about July 24, 2025, the Debtor entered into and executed the Agreement with AFCO Direct. Under the terms of the Agreement, AFCO Direct advanced $77,897.27 to enable the Debtor to purchase insurance coverage for its business operations (the "Insurance Coverage"). In consideration for AFCO Direct's advance of funds, the Debtor promised to repay the funds, plus interest, in 11 monthly installments of $7,391.51. All installment payments under the Agreement are due on the 25th day of each month, commencing with the installment payment due on July 25, 2025. A true and correct copy of the Agreement is attached hereto and the Motion as **Exhibit 1** and incorporated herein by reference.

---

[1] Unless otherwise defined herein, capitalized terms herein have the meanings ascribed to them in the Motion.

10. AFCO Direct accepted the Agreement on or about July 28, 2025. A true and correct copy of the July 28, 2025 Notice of Acceptance is attached hereto as **Exhibit 2** and incorporated herein by reference.

11. The Debtor is in default of the terms of the Agreement because the October 25, 2025 installment payment is and remains past due. As of the date of this Declaration, the November 25, 2025 installment payment is also delinquent. A true and correct copy of the Account Transaction History for the Agreement is attached hereto as **Exhibit 3** and incorporated herein by reference.

### AFCO'S SECURITY, COLLATERAL VALUES AND CLAIMS

12. Repayment of AFCO Direct's loans under the Agreement is secured by a security interest in, and assignment of, all unearned premiums under the Insurance Coverage (the "Collateral"), coupled with a limited power of attorney to cancel the Insurance Coverage upon a default. *See* Agreement at 1-2, ¶¶ 2 & 4.

13. As of October 25, 2025, the value of AFCO Direct's Collateral under the Agreement which represented the aggregate unearned premium for the Insurance Coverage on a pro rata basis was $54,750.03.

14. As of October 25, 2025, the amount owed to AFCO Direct including principal, interest and fees is no less than $59,871.24 (exclusive of interest and attorneys' fees and costs).

15. The value of AFCO Direct's Collateral under the Agreement declines at the approximate rate of $224.65 per day because each day a portion of the Insurance Coverage is earned by the insurance carriers providing coverage. I calculated the daily decline by dividing $81,997.14 (the total amount of refundable premiums including the pure premium and refundable taxes on the June 25, 2025 effective date of the policies) by 365.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated this 8th day of December 2025

_____

Diana Rieger