FILED
FEB 5 2026
EDWARD A. TAKARA, CLERK
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT of LOUISIANA

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

IN RE: CLAIBORNE AUTOMOTIVE GROUP, L.L.C.　　　CASE NO. 25-11051

**LAWRENCE VAUGHN'S CONSOLIDATED REPLY TO TRUSTEE'S RESPONSE AND DEBTORS' RESPONSES TO OMNIBUS MOTION FOR DISMISSAL FOR CAUSE UNDER 11 U.S.C. § 707(a), OR, IN THE ALTERNATIVE, RULE 2004 EXAMINATION AND RELATED RELIEF**

NOW COMES Movant, **Lawrence Vaughn** ("Movant"), appearing pro se, who respectfully submits this consolidated Reply to (i) the **Trustee's Response to Lawrence Vaughn's Omnibus Motion**, and (ii) the **Debtors' Responses** filed in **Arcadia Motors, L.L.C.** [Doc. 28, 30 Case No. 25-11050] and **Claiborne Automotive Group, L.L.C.** [Doc. 48, 50 Case No. 25-11051]. Movant incorporates by reference his Omnibus Motion, all exhibits thereto (including records from the Louisiana Motor Vehicle Commission and manufacturer communications), and his prior draft replies. This unified Reply is submitted for clarity and completeness.

## I. INTRODUCTION

Debtors chose the **Second Judicial District Court of Bienville Parish, Louisiana, as the venue for** litigation against Movant and others. Movant did not seek dismissal of that action; he answered, asserted reconventional demands, and proceeded through discovery. During that discovery, Movant uncovered evidence of serious misrepresentations and fraudulent inducement concerning ownership and control of the dealerships and related entities.

Only after these facts emerged did Arcadia Motors and Claiborne Automotive Group file the instant Chapter 7 petitions. Movant's Omnibus Motion explained that these cases were filed

in bad faith, lack a legitimate bankruptcy purpose, and function primarily as a litigation tactic. Rather than engage with those facts or the exhibits, the Trustee and Debtors:

1. Offer conclusory statements that the case "should not be dismissed";

2. Invoke trustee "strong-arm" powers without identifying any specific transfers;

3. Accuse Movant of "unclean hands" and violating the automatic stay without evidentiary support; and

4. Ignore licensing, regulatory, and banking irregularities substantiated by Movant's exhibits.

As shown below, the law and record support dismissal under **11 U.S.C. § 707(a)**, or at a minimum, comprehensive **Rule 2004** examinations, and require striking the personal attacks on Movant.

## II. FACTUAL BACKGROUND

### A. Bienville and Ouachita Litigation

Debtors initiated suit against Movant and others in Bienville Parish, and Movant filed reconventional claims. A related suit was filed in Ouachita Parish and, by agreement, transferred to Bienville once venue was resolved. During discovery, Movant uncovered evidence that Martin, Bullock, and Griggs misrepresented material facts regarding ownership and control of JPS Motors and related entities, inducing Movant and his partner to enter into a Management Agreement and an Asset Purchase Agreement under false pretenses.

### B. State-Court Order Concerning Vehicles and Asset Preservation

Debtors' counsel asserts that Movant "remains in possession" of vehicles belonging to the estate, implying misconduct. In reality, the Bienville Parish court—at Debtors' own request as plaintiffs—entered an order expressly directing that **no party shall divest, transfer, conceal, or otherwise dispose of any assets, including vehicles, until the case is adjudicated**. Movant complied with that order. Debtors, however, removed, interfered, and divested of assets subject to that preservation order, in violation of the spirit, if not the letter, of the state court's directive. Movant's counsel did not move to dismiss the Bienville case; he filed a **status-hearing request** to confirm which parties were not subject to the automatic stay, a proper and limited inquiry consistent with **11 U.S.C. § 362(a)**. Recasting Movant's compliance with a state-court preservation order as improper "possession" of vehicles is factually incorrect and legally indefensible.

### C. Licensing Deficiencies, Misdesignations, and Irregular Use of Credit and DBAs

Further supporting dismissal is the unrefuted evidence—documented in Movant's exhibits from the Louisiana Motor Vehicle Commission and Ford Motor Company communications—that **Arcadia Motors, L.L.C. was not licensed to operate as a motor vehicle dealer in Louisiana** during the period when it purportedly incurred the "debts" it now seeks to administer through Chapter 7. A business that is not legally authorized to operate raises serious questions as to the legitimacy, enforceability, and good-faith character of any "dealer" obligations it claims to have generated. The absence of proper licensing strongly undercuts any suggestion that these cases serve a bona fide bankruptcy purpose and instead supports Movant's position that they were filed tactically in response to the Bienville litigation.

This pattern is compounded by the Debtors' strategic designation of "Arcadia Motors, L.L.C., formerly doing business as JPS Motors," even though **JPS Motors is a distinct**

**Louisiana LLC**, with its own legal existence and regulatory obligations. Similarly, **Car Giant of Texas, L.L.C.**—an entity not licensed in Louisiana—reportedly used a **line of credit to purchase vehicles** for **Claiborne Automotive Group and JPS Motors**. At the same time, neither Arcadia Motors nor Car Giant of Texas held valid Louisiana dealer licenses. Claiborne Automotive Group also operated a bank account using an **inactive "doing business as" name** registered to another inactive entity. These are not mere abstract allegations; they are supported by state records and communications from the manufacturer and the bank that Movant produced as exhibits.

Rather than address these licensing and regulatory irregularities, Debtors and the Trustee ignore them and instead attack Movant personally. The Trustee even references the possibility of a **criminal referral "after he sees evidence of such activity." Yet the only concrete licensing and regulatory evidence in the record is that unlicensed entities engaged in suspicious financial practices,** while Movant complied with the Bienville court's orders. The failure to engage with these exhibits speaks volumes.

### D. Timing of the Bankruptcy Filings

Only after evidence of fraud and regulatory non-compliance surfaced in the Bienville litigation did Arcadia Motors and Claiborne Automotive Group seek Chapter 7 relief in this Court. There is no showing of independent financial distress, no identified imminent creditor action, and no proposed value-enhancing use of bankruptcy tools. The timing strongly suggests that the primary purpose of these filings is to frustrate, delay, and reframe the state-court litigation, not to marshal and distribute assets fairly.

## III. LEGAL STANDARD

### A. Bad Faith as "Cause" for Dismissal Under § 707(a)

11 U.S.C. § 707(a) authorizes dismissal of a Chapter 7 case "for cause." The Fifth Circuit has held that **bad faith constitutes cause** under this provision. In **In re Krueger**, 812 F.3d 365 (5th Cir. 2016), the court affirmed dismissal where the debtor misused Chapter 7 as a litigation tactic rather than for a legitimate bankruptcy purpose. In **In re Hilmes**, 438 B.R. 897 (N.D. Tex. 2010), the court underscored that bad faith is assessed by evaluating the debtor's motive in filing, honesty and completeness of disclosures, and whether the filing aligns with the objectives of the Code.

### B. Semco Balancing and Lack of Creditor Prejudice

Under **In re Semco Mfg. Co., Inc.**, 649 B.R. 155 (Bankr. S.D. Tex. 2023), courts must weigh the benefits and prejudices of dismissal to debtors, creditors, and the system. Where maintaining a case yields little or no benefit to creditors and primarily advances tactical interests, dismissal is appropriate. Respondents have identified no creditor who will be prejudiced by dismissal.

### C. Conclusory Opposition Is Insufficient

In **Kelley v. Cypress Fin. Trading Co., L.P.**, 518 B.R. 373 (N.D. Tex. 2014), aff'd, 620 F. App'x 287 (5th Cir. 2015), the court held that **conclusory objections** are insufficient to defeat dismissal; objectors must show concrete prejudice or a legitimate reason to maintain the case. The Trustee and Debtors provide none.

# IV. ARGUMENT

### V.      Movant's Omnibus Motion Demonstrated "Cause" Under § 707(a)

Movant's Omnibus Motion set out:

1. Debtors' role as plaintiffs in Bienville;

2. The discovery of misrepresentations and licensing irregularities during state-court proceedings;

3. The timing of the Chapter 7 filings following exposure of that misconduct; and

4. The absence of any concrete creditor prejudice or identifiable bankruptcy purpose.

Under **Krueger** and **Hilmes**, these facts support a finding of bad faith and "cause" for dismissal.

### B. Respondents Do Not Rebut the Licensing and Regulatory Evidence

Neither the Trustee nor the Debtors disputes:

- that Arcadia Motors, L.L.C. lacked a Louisiana dealer license at relevant times;

- that Car Giant of Texas, L.L.C. was not licensed in Louisiana;

- that lines of credit were used in connection with unlicensed operations; or

- that Claiborne Automotive Group used an inactive DBA tied to an inactive entity for banking purposes.

These facts, supported by state and manufacturer records in the exhibits, call into question the validity and enforceability of the alleged "debts" and underscore the tactical nature of these filings. Respondents' silence on these issues confirms that they have no factual rebuttal.

### C. Trustee's Personal Attacks Are Inconsistent with His Duties Under § 704(a)

Under **11 U.S.C. § 704(a)(4)**, the Chapter 7 trustee must "investigate the financial affairs of the debtor." The U.S. Trustee Program's guidance further emphasizes that a Chapter 7 trustee is a **disinterested fiduciary** obligated to act neutrally, examine evidence, and protect the integrity of the process.

Yet the Trustee:

- accuses Movant of having "unclean hands" without any supporting evidence;

- suggests Movant is "not above violating the automatic stay" based on filings he did not sign, and on procedural motions involving non-debtor parties;

- acknowledges that books and records "could and should be forwarded to the trustee" and that he would "be happy to participate in any 2004 discovery that Vaughn wishes to commence," indicating that he has not yet fully investigated the matter.

Investigation should precede accusation, not follow it. The Trustee's approach reverses that order.

### D. "Unclean Hands" and Alleged Stay Violations Are Unsupported and Misleading

Any factual findings, affidavits, or documentary evidence do not support the "unclean hands" label. At least one of the state-court filings cited by the Trustee does not bear Movant's

signature, as required by **Fed. R. Bankr. P. 9011(a)** for pro se filings, making it improper to attribute that filing to Movant.

Moreover:

- The only filing Movant's counsel made in Bienville was a **status-hearing request** to clarify which parties were not subject to the automatic stay.

- The other motions involved non-debtor parties and case management (status, transfer, or consolidation) and did not seek relief against the Debtors or estate property.

Such filings do not violate **11 U.S.C. § 362(a)**. No court has found a violation of the stay or imposed sanctions on Movant. These allegations are therefore scandalous, prejudicial, and ripe for striking.

### E. Invocation of §§ 544, 547, and 548 Without Identifying Any Transfer Is Legally Meaningless

While Debtors and the Trustee reference the trustee's "strong-arm" powers under **11 U.S.C. §§ 544, 547, 548**, they identify no specific transaction, transfer, lien, or conveyance that would be subject to avoidance. Avoidance powers are tools; they cannot justify maintaining a case in the absence of a concrete target. Under **Kelley**, hollow invocations of statutory provisions, without factual grounding, cannot defeat a well-supported motion to dismiss.

### F. Pro Se Status Does Not Diminish Movant's Right to Relief

Federal law expressly allows individuals to represent themselves: **28 U.S.C. § 1654** provides that parties may "plead and conduct their own cases personally or by counsel." The Supreme Court has held that pro se pleadings must be liberally construed. See **Haines v. Kerner,**

404 U.S. 519 (1972); **Erickson v. Pardus**, 551 U.S. 89 (2007). Movant appears in his individual capacity, and his rights and arguments must be evaluated on the merits, not discounted because counsel does not represent him.

## V. MOTION TO STRIKE "UNCLEAN HANDS" AND STAY-VIOLATION ALLEGATIONS

Pursuant to **Fed. R. Civ. P. 12(f)**, as incorporated by **Fed. R. Bankr. P. 7012** and applied to contested matters via **Rule 9014**, Movant moves to strike the Trustee's allegations that Movant has "unclean hands" and is "not above violating the automatic stay."

Those allegations are:

- **Immaterial** to any legitimate issue before the Court;

- **Impertinent**, as they lack evidentiary support;

- **Scandalous**, as they unfairly attack a pro se litigant's character, and

- **Misleading**, as they are partially based on filings Movant did not sign and on procedural motions involving non-debtors.

The Trustee's approach is particularly troubling given that Movant's exhibits—including licensing records from the Louisiana Motor Vehicle Commission and manufacturer communications—raise serious questions about Debtors' regulatory compliance. Yet, the Trustee has not yet fully investigated those issues and has instead accused Movant of misconduct. In light of the trustee's fiduciary obligations under **11 U.S.C. § 704(a)**, the Court should strike these accusations in their entirety to preserve fairness and the integrity of the record.

## VI. CONCLUSION AND PRAYER FOR RELIEF

For the reasons set forth above and in the Omnibus Motion, Movant respectfully requests that this Court:

1. **Dismiss the Chapter 7 cases** of Arcadia Motors, L.L.C., and Claiborne Automotive Group, L.L.C. "for cause" under **11 U.S.C. § 707(a)**;

2. **Grant Movant's Motion to Strike**, removing from the record all allegations that Movant has "unclean hands" or has violated the automatic stay;

3. **In the alternative**, if the Court declines to dismiss at this time, grant Movant's request for **Rule 2004 examinations** and related relief, including production of books and records and examinations of appropriate parties to fully investigate the Debtors' prepetition conduct, licensing status, use of credit lines, and banking practices; and

4. Award such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

LAWRENCE VAUGHN 02/05/2026
133 Railroad Avenue
Mangham, LA 71259
Phone: (318) 267-1396
Email: lawrence@wisecdjr.com
Movant, Pro Se

# CERTIFICATE OF SERVICE

I certify that on February 5, 2026, the foregoing Consolidated Reply to Trustee's Response and Debtors' Responses to Omnibus Motion was filed using the Court's CM/ECF system, which generated a "Notice of Electronic Filing" indicating that it was transmitted to the filing party and to all registered users appearing in this case. Pursuant to LBR 9013-1, transmission of the Notice of Electronic Filing to a registered CM/ECF user constitutes service of the pleading.

**The following parties were served via the Court's CM/ECF system:**

**Mark A. Begnaud** – mbegnaud@mrbfirm.com; bbrunson@mrbfirm.com; sbolton@mrbfirm.com
**John W. Luster, Chapter 7 Trustee** – luster_jbr@bellsouth.net; LA29@ecfcbis.com
**Bobby Manning** – bobby@bobbymanning.com
**Seth Moyers** – smoyers@wwmlaw.com; ekraemer@wwmlaw.com
**Office of the United States Trustee** – USTPRegion05.SH.ECF@usdoj.gov
**Thomas R. Willson** – rocky@rockywillsonlaw.com

Respectfully submitted,

LAWRENCE VAUGHN 02/05/2026
133 Railroad Avenue
Mangham, LA 71259
Phone: (318) 267-1396
Email: lawrence@wisecdjr.com
Movant, Pro Se