
# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

**In re:**
**ARCADIA MOTORS, L.L.C., Debtor Case No. 25-11050 — Chapter 7**

**In re:**
**CLAIBORNE AUTOMOTIVE GROUP, L.L.C., Debtor Case No. 25-11051 — Chapter 7**

*Ex Parte*

## MOTION TO STRIKE SCANDALOUS AND IMPERTINENT ALLEGATIONS FROM THE TRUSTEE'S RESPONSE AND DEBTORS' RESPONSES

NOW COMES **Movant, Lawrence Vaughn**, appearing pro se, who respectfully moves this Honorable Court, pursuant to **Fed. R. Civ. P. 12(f)**, as incorporated by **Fed. R. Bankr. P. 7012** and made applicable to contested matters under **Rule 9014**, to **strike** certain portions of the Trustee's Response [Doc. 30 and 50] and the Debtors' Responses [Docs. 28 and 48] that contain **scandalous, impertinent, false, or unsupported accusations**, including references to:

1. Movant allegedly possessing "unclean hands";

2. Movant allegedly being "not above violating the automatic stay";

3. Statements implying misconduct by Movant based on filings he **did not sign**; and

4. Assertions that misrepresent Movant's compliance with the Bienville Parish preservation order and with state-court procedures.

In support of this Motion, Movant states:

# I. LEGAL STANDARD

Federal Rule of Civil Procedure **12(f)** allows a court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." This authority applies in bankruptcy cases through Rules **7012** and **9014**. Courts routinely strike allegations that:

- unfairly prejudice a party,

- improperly attack a litigant's character,

- lack evidentiary support, or

- create confusion unrelated to the issues before the Court.

These standards are fully applicable to the Trustee and Debtors' accusations in this case.

## II. THE "UNCLEAN HANDS" ACCUSATION IS UNSUPPORTED AND PREJUDICIAL

The Trustee asserts that "people with unclean hands should not be rewarded," intending to cast Movant as acting in bad faith. This allegation:

- is not accompanied by **any affidavit,**

- cites **no document,**

- refers to **no testimony,** and

- identifies **no conduct** by Movant constituting fraud, concealment, or wrongdoing.

"Unclean hands" is an equitable doctrine, not an insult. Facts, not rhetoric, must support it. The Trustee offers none.

Moreover, Movant is a **pro se litigant** who complied with the Bienville Parish court's preservation order and produced extensive exhibits to support his filings. Branding him with "unclean hands" is baseless and severely prejudicial.

## III. THE ALLEGED "STAY VIOLATION" IS FACTUALLY FALSE AND MISLEADING

The Trustee claims Movant violated the automatic stay. This assertion is:

1. Based on state-court filings that Movant **did not sign**.

2. Directed at procedural motions involving **non-debtor parties** (status, transfer, consolidation);

3. Mischaracterized as enforcement against Debtors when they were not the target of any requested relief;

4. Unsupported by any order finding a stay violation; and

5. Contradicted by the fact that Movant's counsel filed only a **status-hearing request** to determine which parties were or were not stayed.

Under **11 U.S.C. § 362(a)**, actions involving **non-debtors** or addressing **procedural issues** in state court do **not** violate the stay. No court has found any violation, and none exists.

Adding this accusation to the record unfairly paints Movant as a violator of federal law, when the filings themselves prove otherwise.

## IV. THE ACCUSATIONS ARE IMPROPER GIVEN THE TRUSTEE'S STATUTORY DUTIES

Under **11 U.S.C. § 704(a)**, the Chapter 7 trustee is required to:

- act as a **neutral and disinterested fiduciary,**

- investigate the debtor's financial affairs impartially, and

- treat all parties fairly.

Accusing Movant of misconduct **before reviewing his exhibits**, while simultaneously admitting that the Trustee has not yet received or analyzed all books and records, conflicts with the trustee's statutory obligations and undermines confidence in trustee neutrality.

To preserve the integrity of these proceedings, these accusations must be removed.

## V. THE COURT SHOULD STRIKE THESE STATEMENTS TO PROTECT THE RECORD

Because:

- the challenged statements have **zero evidentiary support,**

- they improperly attack a **pro se litigant's character,**

- they misstate the content of filings Movant did **not** sign,

- they risk prejudicing the Court's view of Movant, and

- they serve no legitimate purpose in resolving the §707(a) dismissal issues,

they must be stricken under Rule **12(f)** as scandalous, impertinent, and immaterial.

**WHEREFORE, Movant respectfully prays that this Court:**

1. **STRIKE** all references in the Trustee's Response and Debtors' Responses asserting or implying that Movant has "unclean hands";

2. **STRIKE** all allegations that Movant violated the automatic stay;

3. **STRIKE** all statements attributing filings to Movant that do **not** bear his signature;

4. Direct the Trustee and Debtors to refrain from further personal accusations unsupported by evidence; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAWRENCE VAUGHN 02/05/2026
133 Railroad Avenue
Mangham, LA 71259
Phone: (318) 267-1396
Email: lawrence@wisecdjr.com
Movant, Pro Se

## CERTIFICATE OF SERVICE

I certify that on February 5, 2026, the foregoing Consolidated Reply to Trustee's Response and Debtors' Responses to Omnibus Motion was filed using the Court's CM/ECF system, which generated a "Notice of Electronic Filing" indicating that it was transmitted to the filing party and to all registered users appearing in this case. Pursuant to LBR 9013-1, transmission of the Notice of Electronic Filing to a registered CM/ECF user constitutes service of the pleading.

**The following parties were served via the Court's CM/ECF system:**

**Mark A. Begnaud** – mbegnaud@mrbfirm.com; bbrunson@mrbfirm.com; sbolton@mrbfirm.com
**John W. Luster, Chapter 7 Trustee** – luster_jbr@bellsouth.net; LA29@ecfcbis.com
**Bobby Manning** – bobby@bobbymanning.com
**Seth Moyers** – smoyers@wwmlaw.com; ekraemer@wwmlaw.com
**Office of the United States Trustee** – USTPRegion05.SH.ECF@usdoj.gov
**Thomas R. Willson** – rocky@rockywillsonlaw.com

Respectfully submitted,

**LAWRENCE VAUGHN 02/05/2026**
133 Railroad Avenue
Mangham, LA 71259
Phone: (318) 267-1396
Email: lawrence@wisecdjr.com
Movant, Pro Se